UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

LeighAnn Garcia,

Debtor.

Chapter 13
Case No. 19-21055

### ORDER *SUA SPONTE* DISMISSING CASE

LeighAnn Garcia commenced the above-captioned case on April 2, 2019 by filing a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code. This is the fourth bankruptcy case filed by Ms. Garcia in this Court.

Ms. Garcia commenced a chapter 7 bankruptcy case on November 5, 2014 (Case No. 14-20885) and received a chapter 7 discharge on April 24, 2015. She filed a second chapter 7 bankruptcy case on July 6, 2018 (Case No. 18-20374). The Court entered an order in that case on December 7, 2018 denying Ms. Garcia a discharge pursuant to 11 U.S.C. § 727(a)(8) and stating that her case would be dismissed if she did not, within fourteen (14) days, demonstrate a reason why her bankruptcy case should remain pending. On December 20, 2018—one day before the 14-day deadline in Case No. 18-20374 expired—Ms. Garcia filed her third bankruptcy case (Case No. 18-20709). On December 26, 2018, the Court dismissed Case No. 18-20374 and allowed Case No. 18-20709 to proceed.

In addition to the petition commencing Case No. 18-20709, Ms. Garcia also filed in that case an Initial Statement About an Eviction Judgment Against You and Statement About Payment of an Eviction Judgment Against You in which she acknowledged that Guy Thompson obtained an eviction judgment against her but she checked the box stating "Under the state or other nonbankruptcy law that applies to the judgment for possession (eviction judgment), I have the right to stay in my residence by paying my landlord the entire delinquent amount."

On February 20, 2019, the chapter 7 trustee filed a motion (the "Discharge Objection") objecting to entry of a discharge in favor of Ms. Garcia pursuant to 11 U.S.C. § 727(a)(8) and seeking an order requiring her to state a reason why her case should remain pending. The next day, Mr. Thompson filed a motion (the "Stay Relief Motion") correctly noting that, pursuant to section11 U.S.C. § 362(c)(3), the automatic stay terminated on January 19, 2019. In an abundance of caution, however, Mr. Thompson sought an order granting him relief from the automatic stay, to the extent necessary, for the purpose of pursuing state remedies available to him.

Ms. Garcia did not file an objection to the Stay Relief Motion but she did respond to the Discharge Objection, requesting that the Court keep her bankruptcy case open. She argued that dismissal of her case would cause her to be evicted at a time when she is trying to obtain certain services necessary to assist her child.

The Court held a hearing on April 2, 2019 on both the Stay Relief Motion and the Discharge Objection. During that hearing, Ms. Garcia acknowledged that the primary reason for filing Case No. 18-20709 was to remain in her residence. At the conclusion of that hearing, the Court granted both the Stay Relief Motion and the Discharge Objection and requested Mr. Thompson's counsel file a proposed form of order properly reflecting the relief granted on an oral basis during the hearing. On the same day, immediately following that hearing and before Mr. Thompson's counsel could file the proposed form of order, Ms. Garcia commenced the above-captioned chapter 13 case and again filed an Initial Statement About an Eviction Judgment Against You and Statement About Payment of an Eviction Judgment Against You.

Pursuant to 11 U.S.C. § 1328(f)(1), Ms. Garcia cannot obtain a discharge in a chapter 13 case commenced on or before April 24, 2019; four years after April 24, 2015, which is the date on which she received her chapter 7 discharge. In the absence of an opportunity to obtain a chapter 13 discharge, and in light of the pattern and timing of her successive bankruptcy filings, as well as her statement at the April 2, 2019 hearing that her primary purpose for seeking bankruptcy relief is to avoid eviction, the Court finds that this fourth bankruptcy case cannot provide her with any relief and merely constitutes an attempt to use the automatic stay to further frustrate Mr. Thompson's attempts to evict Ms. Garcia.

By commencing case No. 19-20155 before the Court dismissed Case No. 18-20709, Ms. Garcia created an untenable situation where two pending bankruptcy cases, under different chapters and in different procedural postures, share the same bankruptcy estate. While it may be proper in some instances for an individual to be a debtor in two bankruptcy cases pending simultaneously, it is not proper for a debtor to file a new case every time he or she receives an adverse ruling in the first case. *See, e.g., In re Sorenson,* 575 B.R. 527, 532-533 (Bankr. D. Colo. 2017). For this reason, the Court hereby orders that Case No. 19-21055 is hereby dismissed as a nullity and without prejudice to Ms. Garcia's ability to file a new bankruptcy case after Case No. 18-20709 is properly dismissed. *See, e.g., In re Brown*, 399 B.R. 162, 165 (Bankr. W.D. Va. 2009).

Dated: April 3, 2019                    /s/ Peter G. Cary
                                                                   Judge Peter G. Cary
                                                                   United States Bankruptcy Court